NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR MENDOZA-ESCALANTE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-70883

Agency No. A207-676-444

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 9, 2022
San Francisco, California

Before:  W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,** District
Judge.

Cesar Mendoza-Escalante, a Mexican citizen, petitions for review of a Board

of Immigration Appeals' ("BIA") decision denying asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the BIA's denial of asylum. The BIA denied Mendoza-Escalante's asylum application because it was untimely[1] and because he failed to show a well-founded fear of future persecution from his deceased boyfriend's uncle or based on generalized societal discrimination in Mexico. Mendoza-Escalante does not claim that he has experienced past persecution. So he must show a "subjectively genuine and objectively reasonable fear of persecution" upon his return to Mexico. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (simplified). But he points to no "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (simplified). Instead, Mendoza-Escalante relies on a chain of speculation to suggest that his deceased boyfriend's

---

[1] Mendoza-Escalante argues that he should be excused from the time bar because of his Deferred Action of Childhood Arrivals (DACA) status and imprisonment. Because substantial evidence supports the BIA's alternative basis to deny asylum, we do not reach this question.

2

uncle may find him in Mexico and harm him. That is not enough to compel a contrary conclusion to the BIA's decision to deny asylum.

2. Because Mendoza-Escalante cannot meet his burden of proof for his asylum claim, he necessarily fails to meet the "more stringent" standard for withholding of removal. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (simplified). He cannot show that it is "more likely than not that [he] would be subject to persecution on account of one of the protected grounds." *Id.* (simplified). As with the asylum claim, Mendoza-Escalante fails to show that his fear of future persecution is objectively reasonable. *Id.* at 1094. So substantial evidence supports the agency's denial of withholding of removal.[2]

3. Substantial evidence also supports the denial of the CAT claim. Mendoza-Escalante cannot show that he is more likely than not to be tortured by his deceased boyfriend's uncle with the acquiescence of the Mexican government. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1). Mendoza-Escalante presented no evidence showing the uncle could locate him or would torture him if he is removed to Mexico. And there is no evidence to suggest that Mexican officials would acquiesce to Mendoza-Escalante's torture by the unnamed uncle. Lastly, the country conditions report does

---

[2] The IJ also found that Mendoza-Escalante was statutorily barred from seeking withholding of removal because he was convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). However, the BIA explicitly declined to address this issue, so the issue is not properly before us.

3

not establish a particularized threat of torture because "generalized evidence of violence and crime in Mexico [that] is not particular to [Mendoza-Escalante] . . . is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Thus, Mendoza-Escalante's evidence does not compel a different conclusion from the agency's.

**DENIED.**